UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT ALLEN KENT,

    Petitioner,

v.                                                         Case No. 8:11-cv-581-T-33MAP

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.
_____

## ORDER

This cause is before the Court on Petitioner Scott Allen Kent's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus. Kent, who is represented by counsel, challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

A review of the record demonstrates that, for the following reasons, the petition must be **denied**.

## PROCEDURAL HISTORY

On December 8, 2005, Kent was charged by amended information with one count of unlawful sexual activity with a minor, a second degree felony. (Ex. 1). Kent was tried by jury on March 6 and 7, 2007. (Ex. 15). On March 7, 2007, the jury returned a verdict finding Kent guilty of the charged offense. (Ex. 2). On May 11, 2007, the state trial court sentenced Kent to twelve years incarceration. (Ex. 3).

### Direct Appeal

On May 2, 2008, the state district court of appeal per curiam affirmed Kent's

conviction and sentence . (Ex. 6). *See Kent v. State*, 980 So. 2d 1075 (Fla. 2d DCA 2008) (table). The mandate issued May 23, 2008. (Ex. 7).

**Collateral Proceedings**

On or about June 17, 2008, Kent filed a rule 3.800 motion for reduction of sentence which was denied on June 27, 2008. (Ex. 8). No appeal was taken. On March 18, 2009, Kent filed a rule 3.850 motion for postconviction relief. (Ex. 9). Only grounds one and three of the motion are relevant to the present petition. In ground one, Kent alleged that trial counsel was ineffective for failing to file a motion to suppress statements Kent made to law enforcement. (Ex. 9, p. 2). In ground three, Kent alleged that trial counsel was ineffective for failing to object when the prosecutor "commented on Defendant's pending charge of misdemeanor possession of marijuana at defendant's felony trial." (Ex. 9, p. 3).

On April 23, 2009, the state trial court struck Kent's rule 3.850 motion in part. (Ex. 10). The state trial court struck grounds one and three as conclusory and facially insufficient, and granted Kent thirty days to file an amended rule 3.850 motion. (Ex. 10, pp. 2-4).

Kent filed an amended rule 3.850 motion on May 20, 2009. (Ex. 11). Amended ground one stated, in pertinent part:

> Ground 1: Defense counsel was ineffective in failing to file a motion to suppress statements because they were involuntary. . . . [The statements] were made at defendant's home on the night of his arrest. The statements tended to show defendant's involvement in the crimes charged. Defendant contends he was extremely intoxicated at the time of the statement and at the time of his consent to DNA testing. Moreover, Nikki Kent (at the time known as Nikki Wood), Defendant's wife, if called upon to testify would have testified that defendant was intoxicated, that <u>he did not know that anything happened with the alleged victim until the detective so advised him</u>, that his ability to walk, talk, judge distance, drive an automobile, and make ordinary decisions were impaired at the time of making his statements and/or

consents to law enforcement. If defendant's statements and consent to DNA testing were suppressed then defendant may well have been acquitted as these statements and DNA were direct evidence of identification of this defendant to the crimes charged.

(Ex. 11, pp. 2-3) (emphasis in original).

Amended ground three stated:

Ground 3: Defense counsel was ineffective for failing to object to the prosecutor's misconduct insofar as he improperly and falsely commented at sentencing on Defendant's "pending charge of misdemeanor possession of marijuana" in violation of *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). In fact, defendant had no pending charge of any kind at the time of sentencing. Therefore, false injection into the case of improper collateral crimes evidence and additional criminal history would likely cause any court to consider harsher punishment. . . .

(Ex. 11, pp. 3-4).

The state trial court denied Kent's rule 3.850 motion on April 15, 2010. (Ex. 12). In denying ground one, the state trial court stated:

This claim was stricken because the Defendant did not clearly identify the statements which allegedly should have been the subject of the motion to suppress and because his claim of intoxication was conclusory and facially insufficient. In his amended motion the Defendant again fails to clearly identify the statement or statements which allegedly should have been subject to a motion to suppress. He merely states that incriminating statements were made "at the defendant's home on the night of his arrest."
. . . .

The investigating officer, Detective Folk testified at trial that he interviewed the Defendant on October 29, 2002, at approximately 3:50 in the afternoon and obtained consent for the DNA samples. (*See Exhibit B: Trial Transcript, pg. 274*). Detective Folk further testified that it did not appear that the Defendant was intoxicated at the time. (*See Exhibit B: Trial Transcript, pg. 296*). The Defendant was not arrested until after the detective received the DNA analysis on or about December 18, 2002, and there was no testimony regarding statements made by the Defendant to police at the time of his arrest. (*See Exhibit B: Trial Transcript, pp. 287-289*).

The Defendant fails to demonstrate prejudice. His DNA would inevitably have been discovered because Detective Folk had already

3

developed the Defendant as a suspect. (*See Exhibit B: Trial Transcript, pp. 269-270*). In addition, as noted in this Court's previous order, the Florida Supreme Court has stated that it is "well settled that the drunken condition of an accused when making a confession, unless such drunkenness goes to the extent of mania, does not affect the admissibility in evidence of such confession, but may affect its weight and credibility with the jury." *Thomas v. State*, 456 So. 2d 454, 458 (Fla. 1984); *see also Lawson v. State*, 884 So. 2d 540, 547 (Fla. 4th DCA 2004). Nothing in the Defendant's motion or amendment indicates that he was intoxicated to the point of mania at the time of his initial interview or at the time of his arrest. At the initial interview the Defendant was capable of relating details of the events of the evening of the offense. (*See Exhibit B: Trial Transcript, pp. 279-282*). Finally, the Defendant does not allege that he told counsel that he was highly intoxicated at the time of his interview or arrest. Accordingly, this claim is denied.

(Ex. 12, pp. 2-3).

In denying amended ground three, the state trial court stated:

Ground 3: The Defendant claims that counsel was ineffective for failing to object to "the prosecutor's misconduct insofar as he improperly commented on the Defendant's pending charge of misdemeanor possession of marijuana at defendant's felony trial."

This claim was stricken as conclusory and facially insufficient because it did not set forth a brief statement of the facts (and other conditions) relied on in support of the claim as required by rule 3.850(c)(6). In his amendment the Defendant again fails to identify where in the record the prosecutor made the alleged statement, and again fails to set forth a basis for the objection. Instead, the Defendant now alleges that the prosecutor falsely commented on a "pending charge of misdemeanor possession of marijuana" in violation of *Giglio v. U.S.*, 405 U.S. 150 (1972), when the Defendant had no pending charge of any kind.

To show that a Giglio violation has occurred, "it must be shown that (1) the testimony given was false; (2) the prosecutor knew the testimony was false; and (3) the statement was material." *Ponticelli v. State*, 941 So. 2d 1073, 1088 (Fla. 2006). The record reflects that at the time the Defendant was sentenced, May 11, 2007, he had a misdemeanor charge of possession of marijuana pending against him. (*See Exhibit D: Pinellas County Justice Information System - Case Progress Docket*). The Defendant fails to demonstrate that the State introduced any false testimony at trial. The Court was able to locate only [sic] place in the record where the State mentioned the pending misdemeanor charge, which was at the sentencing hearing in response to the defense's request for a downward departure. (*See Exhibit C:*

> *Sentencing Hearing Transcript, pg. 26*). However, even assuming the Defendant is referring to this reference, he fails to set forth any basis for counsel to make an objection. Therefore, this claim is denied.

(Ex. 12, p. 4).

On December 10, 2010, the state district court of appeal affirmed the denial of Kent's rule 3.850 motion. (Ex. 13). See *Kent v. State*, 51 So. 3d 1160 (Fla. 2d DCA 2010). The mandate issued January 25, 2011. (Ex. 14).

Kent then timely filed the present federal 28 U.S.C. § 2254 petition for writ of habeas corpus.

## STANDARDS OF REVIEW -- GOVERNING PRINCIPLES

### Federal Question

Title 28 U.S.C. § 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78 (1983)(citing *Engle v. Isaac,* 457 U.S. 1141 (1982)); *Smith v. Phillips*, 455 U.S. 209 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

### Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. See 28

U.S.C. § 2254(b),(c). To properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Pursuant to the procedural default doctrine, a state prisoner seeking federal habeas corpus relief who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986).[1]

**The AEDPA's Anchors**

The AEDPA modified a federal habeas court's role in reviewing state prisoner

---

[1] The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Id.,* 477 U.S. at 488. To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo,* 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup,* 513 U.S. at 324.

applications in order to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685 (2002). Under § 104 of the AEDPA, § 2254(d) now forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petition can establish that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state law procedural principles to the contrary. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). Where the state court does explain its reasoning, that decision receives AEDPA deference even if the state court fails to cite -- or is not even aware of -- relevant Supreme Court precedent. *Childers v. Floyd*, 2011 WL 2162083 (11th Cir. June 2, 2011)(citing *Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam)).

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language requires an examination of the state court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398–1401 (2011).

In addition, § 2254(e)(1) "provides for a highly deferential standard of review for

factual determinations made by a state court." *Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002). The federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Congress, in passing the AEDPA also erected additional barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing. *Crawford v. Head*, 311 F.3d 1288, 1328-1329 (11th Cir. 2002). Under 28 § 2254(e)(2), if a habeas applicant "has failed to develop the factual basis of a claim in state court proceedings, the [federal] court shall not hold an evidentiary hearing on the claim" unless he shows --

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

Kent's grounds do not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2254(e)(2)(A)(i). He does not rely on "a factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A)(ii). Moreover, his allegations, even if adduced, would not entitle him to relief, and he cannot develop a factual basis that he did not diligently investigate and pursue in state court. Accordingly, he is not entitled to an evidentiary hearing on his two grounds raised in his

federal petition.

## DISCUSSION

### Ground One

Kent asserts that trial counsel was ineffective for failing to file a motion to suppress statements Kent made to the police. This claim is without merit.

The clearly established federal law which applies to a claim of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). According to *Strickland*, in order to prevail on a claim of ineffective assistance, a petitioner must prove that (1) his counsel's performance was deficient; and (2) he sustained prejudice as a result.

The state trial court properly denied this claim without an evidentiary hearing. An evidentiary hearing is required only when a defendant "alleges facts which, if true, would entitle him to relief." *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990). This is the test used in Florida as well as in the federal courts. *See Downs v. State*, 740 So.2d 506, 515 (Fla. 1999). Thus, to be entitled to an evidentiary hearing, in either the state court or this court, Kent was/is required to allege facts which demonstrate both deficient performance by counsel and prejudice. Kent has not done so.

In his amended rule 3.850 motion, Kent claimed that his statements were not voluntary because he was intoxicated at the time that he made the statements. (See above.) Kent did not indicate that he had ever informed counsel that he was intoxicated at the time that he made the statements, and did not allege any facts which would indicate that counsel had any reason to believe that the statements were subject to challenge as involuntary due to intoxication. Thus, Kent's allegations were insufficient to show deficient performance on the part of counsel, and the denial of this claim without an evidentiary

9

hearing was neither contrary to, nor an unreasonable application of, any clearly established federal law.

This Court notes that in his reply to Respondent's response, Kent contends that his attorney knew he was intoxicated at the time he made the statements, and that this Court must hold an evidentiary hearing to determine what the attorney knew. Specifically, Kent alleges in his reply: "As the Court is well aware, Florida's rules of criminal procedure, unlike the federal rules, provide for affirmative disclosure by the state of its investigation, witnesses, etc., and provide for pretrial deposition of state witnesses. No serious claim can be made that Kent's counsel was unaware that Kent and everyone else involved in the case was extremely intoxicated." (See Doc. 12, p. 5, n. 2.)

The state trial court found that Kent had not told his attorney that he was intoxicated when he made the statements to the police. (See above.) Likewise, this Court cannot find, in the state court record, that Kent told his attorney he was intoxicated at the time he made statements to the police. In his present petition, Kent alleges, in the facts supporting ground one: "Kent advised his trial counsel of his intoxication at the time of his interrogation and requested his trial counsel challenge the admission of his statements by filing a motion to suppresses." To the extent that he raises this claim in this Court, but failed to raise the claim in state court, the claim is unexhausted.

Furthermore, the simple assertion that Kent made statements to the police while intoxicated does not demonstrate a basis for suppression, and Kent failed to allege facts demonstrating that there were any grounds to support a motion to suppress. Unless there has been some violation of a defendant's constitutional rights, the admissibility of a defendant's statements is a matter of state law. *Colorado v. Connelly*, 479 U.S. 157, 166,

(1986).[2] Petitioner has shown no violation of his constitutional rights. Nor has he shown that his statements were inadmissible under state law. Therefore, he has shown no basis for a motion to suppress, and no deficient performance on the part of counsel for not filing a motion to suppress.

---

[2] The *Connelly* Court stated:

> We have previously cautioned against expanding "currently applicable exclusionary rules by erecting additional barriers to placing truthful and probative evidence before state juries...." *Lego v. Twomey*, 404 U.S. 477, 488–489, 92 S.Ct. 619, 626, 30 L.Ed.2d 618 (1972). We abide by that counsel now. "[T]he central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence," *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986), and while we have previously held that exclusion of evidence may be necessary to protect constitutional guarantees, both the necessity for the collateral inquiry and the exclusion of evidence deflect a criminal trial from its basic purpose. Respondent would now have us require sweeping inquiries into the state of mind of a criminal defendant who has confessed, inquiries quite divorced from any coercion brought to bear on the defendant by the State. We think the Constitution rightly leaves this sort of inquiry to be resolved by <u>state laws governing the admission of evidence</u> and erects no standard of its own in this area. A statement rendered by one in the condition of respondent might be proved to be quite unreliable, but this is a matter to be governed by the evidentiary laws of the forum, *see, e.g.*, Fed.Rule Evid. 601, and not by the Due Process Clause of the Fourteenth Amendment. "The aim of the requirement of due process is not to exclude presumptively false evidence, but to prevent fundamental unfairness in the use of evidence, whether true or false." *Lisenba v. California*, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166 (1941).
>
> We hold that coercive police activity is a necessary predicate to the finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment. We also conclude that the taking of respondent's statements, and their admission into evidence, constitute no violation of that Clause.

479 U.S. at 166, 167.

Constitutionally, "a defendant's mental condition, by itself and apart from its relation to official coercion," does not require suppression of a defendant's statements. *Connelly,* 479 U.S. at 164. For there to be either a due process violation or a violation of a defendant's right to remain silent, there must be coercion. *Id. See also United States v. Scheigert*, 809 F.2d 1532, 1533 (11th Cir. 1987). Because Kent has not alleged any coercion, he has failed to demonstrate any violation of his federal constitutional rights.

Kent also has not shown that his statements were inadmissible under state law. In Florida, "[t]he mere fact that a suspect was under the influence of alcohol when questioned does not render his statements inadmissible as involuntary." *Thomas v. State*, 456 So. 2d 454, 458 (Fla. 1984). "[T]he drunken condition of an accused when making a confession, unless such drunkenness goes to the extent of mania, does not affect the admissibility in evidence of such confession, but may affect its weight and credibility with the jury." *Id.* at 458 (quoting *Lindsey v. State*, 66 Fla. 341, 343, 63 So. 832, 833 (1913)). As the state trial court found, Kent alleged no facts indicating that his drunkenness rose to the extent of mania. Thus, he has not shown that his statements were inadmissible under state law.

Because Kent did not allege any facts which would demonstrate a violation of his federal constitutional rights, or which would demonstrate that his statements were inadmissible under state law, he failed to show any grounds upon which a motion to suppress could have been based, and failed to allege facts sufficient to demonstrate any deficient performance by counsel. Therefore, Kent has not met the *Strickland* standard to demonstrate ineffective assistance of counsel. Kent was not, and is not, entitled to an evidentiary hearing on this issue.

As the state trial court noted, a law enforcement officer testified at trial that Kent did

not appear to be intoxicated when he made his statements. In light of this testimony, Kent cannot show a reasonable probability that a motion to suppress would have been successful.

Furthermore, Kent cannot show a reasonable probability that the outcome of his trial would have been different if his statements had been suppressed. As the state trial court noted, Kent "had been developed as a suspect" before making any statements to the police, and his DNA would inevitably have been obtained. Kent's DNA was found on the victim's cervix. (Ex. 15, pp. 343-344). This evidence conclusively establishes that Kent committed the charged offense, and he has shown no prejudice from the admission of any of his statements.

Ground one does not warrant habeas corpus relief.

**Ground Two**

Kent alleges that trial counsel was ineffective for failing to object at the sentencing hearing when the prosecutor mentioned a pending marijuana possession charge. Kent asserts that counsel should have objected on the grounds that it is improper to consider pending charges in determining an appropriate sentence. Kent never made this argument in the state courts. He argued only that the comment was improper because he did not, in fact, have any pending charges.

To raise a claim in a federal habeas petition, a defendant must fairly present his claim to the state courts. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). State courts must be given an opportunity to consider a defendant's legal theory of a federal constitutional deficiency and the factual basis for that theory. *Picard v. Connor*, 404 U.S. 270, 277 (1971). "[M]ere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. 364, 366

(1995). Thus, the argument Kent now makes, having never been presented to the state courts, is unexhausted and procedurally barred.

The claim Kent did make in state court, that counsel should have objected to the comment because Kent did not, in fact, have any pending charges, was properly denied because Kent did have a pending charge. (See state trial court's exhibit D, attached to Ex. 12.) Denial of the claim presented to the State court was not contrary to or an unreasonable application of *Strickland* or any federal law.

Furthermore, even if Kent could raise a new argument here, he would be entitled to no relief because he has shown no prejudice. At the sentencing hearing, the prosecutor requested a sentence of fifteen years incarceration. (Ex. 3, p. 126). The request was based on the nature of the offense, the circumstances surrounding the offense, and Kent's prior criminal history. (Ex. 3, pp. 121-126). Kent was charged with engaging in sexual activity with a minor. The prosecutor pointed out that the offense was not committed with the consent or encouragement of the victim. The seventeen-year-old victim was asleep or unconscious when petitioner took advantage of her, penetrating her vagina with his penis, and ejaculating inside of her. (Ex. 3, p. 122). At the sentencing hearing, the pending marijuana charge was mentioned briefly after defense counsel requested a downward departure sentence. (Ex. 3, p. 143). The State presented compelling reasons for a lengthy sentence, and Kent has not shown that there is a reasonable probability that his sentence would have been different in the absence of the prosecutor's brief mention of his pending marijuana charge. The denial of relief on this claim was neither contrary to, nor an unreasonable application of, *Strickland,* and Kent is entitled to no relief.

In his reply, Kent contends that "It was well established under Florida law at the time

14

of Kent's sentencing that the Court could not rely upon an arrest record alone, not resulting in a conviction, to impose sentence." A review of the transcript of the sentencing hearing demonstrates that the prosecutor briefly mentioned the pending marijuana charge. (Ex. p. 26). Nothing in the sentencing transcript allows this Court to conclude that the state trial court relied "upon an arrest record alone, not resulting in a conviction, to impose sentence," and Kent's assertion that the state trial court did so is not supported by the record.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Kent's petition is denied. The Clerk is directed to enter judgment against Kent and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 19, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record